No. 17,238.

MOSHIEK *v.* LININGER ET AL.
(274 P. [2d] 965)

Decided October 11, 1954.

Messrs. HORNBEIN & HORNBEIN, Mr. ROY O. GOLDIN, for plaintiff in error.

Mr. SAMUEL S. GINSBERG, for defendants in error Lininger and Jones.

*En Banc.*

MR. JUSTICE BRADFIELD delivered the opinion of the Court.

THIS cause is here to review a summary judgment dismissing the second claim of the complaint in the dis-

trict court of the City and County of Denver. The parties here appear as in the trial court, plaintiff and defendants.

By the pleadings, Ida M. Johnson, owning 280 acres of land in Weld county, on November 13, 1928 executed her oil lease thereon, which lease now is assigned to defendant Pepper. Later defendant Lininger became the owner of the land, subject to the oil lease. Thereafter, April 26, 1944, Lininger deeded 40 acres of the land to plaintiff Moshiek; and later, March 12, 1951, he deeded the remaining land to his daughter, defendant Jones. Meantime Pepper had drilled a producing oil well on Jones' portion of the land and paid her oil royalties thereon.

Plaintiff's first claim was to cancel an erroneous outstanding deed against her title, and a judgment was rendered cancelling the deed. Plaintiff's first claim is not involved in this review.

Plaintiff's second claim was for an accounting of oil royalties extracted from the Jones land, a judgment for a 3/320 of the value of oil extracted, and to enjoin the paying of royalties to anyone other than plaintiff.

The oil lease, assigned to defendant Pepper, granted the right to extract oil from: "The north one-half (N½) of the North one-half (N½), the southwest one-fourth (SW¼) of the northwest one-fourth (NW¼) of section twenty-four (24), and the southeast one-fourth (SE¼) of the southwest one-fourth (SW¼) of section twenty-three (23), Township 6, north of range 61 west." The deed from Lininger to plaintiff Moshiek conveyed the property described as "The northwest one-quarter (NW¼) of the northeast one-quarter (NE¼) of section twenty-four (24), Township 6, north of range 61, except a five eighths (⅝) interest in and to all oil, gas and minerals and oil, gas and mineral rights, but including a three-eighths (⅜) interest in all oil, gas and minerals and all oil, gas and mineral rights owned by Virgil H. Lininger in said land."

Subsequently the adjoining tract of the land was

deeded by Lininger to Jones. The well from which defendant Pepper is extracting oil is located on the portion of land retained by defendant Lininger and subsequently conveyed to Jones. No oil well has been drilled on plaintiff Moshiek's portion of the land.

Plaintiff Moshiek's claim is that by the provisions of the Johnson oil lease and under the law, she is entitled to 3/320ths of the value of all oil extracted from the land owned by defendant Jones. Defendant Jones admits the lease and the land ownerships, but denies the oil lease contains provisions entitling plaintiff to any interest in the oil from the Jones land, and denies that plaintiff, under the law, is entitled to any interest in the oil extracted therefrom. Defendant Pepper neither affirms nor denies plaintiff's second claim, but asks that the court determine the rights of the parties. The case was tried to the court which found the issues for the defendants against the plaintiff and entered judgment dismissing plaintiff's second claim. Motion for a new trial was dispensed with.

The provisions of the Johnson oil lease relied upon by plaintiff to maintain her claim for a share of the oil are:

"Paragraph 1 Provides for the right of the lessee to lay pipe line, build tanks, store oil, build stations, telephone lines and other structures on the land under lease.

"Paragraph 4 Provides for payment of $140.00 annually as rental if drilling operations were commenced on the land on or before August 1, 1929, and annual rent in the same amount if drilling operations were deferred thereafter. 'Notwithstanding any devolution, change or division in the ownership of said land, the payments or tenders of rental in the manner herein provided shall be binding on the successors, assigns, or legal representatives of lessor.'

"Paragraph 5 Provides for payment of rental in the event the lessee drilled a dry hole and lessee desired to continue under the lease or, after oil was discovered the production should cease, the lessee by payment of rentals

may continue to operate under the lease. 'If at the expiration of the primary term oil or gas is not being produced on said land, but lessee is engaged in drilling operations thereon, the lease shall remain in force so long as drilling operations are prosecuted and, if they result in the production of oil or gas, so long thereafter as oil or gas is or can be produced from any well on said land.'

"Paragraph 6 'Lessee shall have the free use of oil, gas, wood, coal and water from said land, except water from Lessor's wells, for all operations hereunder * * *.'

"Paragraph 7 'The rights of lessor may be assigned in whole or in part and the provisions thereof shall extend to her heirs, personal representatives and assigns * * *.'

"Paragraph 9 'If 6 or more persons be or become entitled to royalties hereunder, they shall by sufficient written instrument designate some agent to receive payment for all, and lessee shall not be required to make payment until such instrument is furnished.'

"Paragraph 11 'If lessor owns an interest in said land less than the entire fee simple estate, then the royalties and rentals to be paid by lessor (sic) shall be reduced proportionately.'"

Also, Paragraph 8 of the lease provides: "If lessee assigns this lease in part, the obligation (if any exists) to pay rentals is apportioned as between the several owners ratably according to the surface area of each, and default by one of them in the payment of rentals shall not affect the validity of the lease on the portion of the land upon which pro rata rentals are paid or tendered. However, no assignment of this lease shall be made by lessee in blocks of less than forty (40) acres each, except with the consent of the lessor. * * * "

There is no issue of fact in controversy. Plaintiff bases her claim on two propositions of law:

1. That an interpretation of the lease itself contemplates the pro rating to all landowners of the oil produced from any of the land leased.

2. That notwithstanding the provisions in the lease,

the better rule of law allows all the landowners to share pro rata in the oil produced from any portion of the leased land.

The lease was executed by Johnson, a single landowner. Thereafter Johnson deeded the land to defendant Lininger, who then deeded one portion to plaintiff Moshiek and the adjoining portion to defendant Jones. The oil lease became assigned to defendant Pepper. It appears the oil lease was of record and the oil well producing before the deed from Lininger to plaintiff was made. There was no privity between the two present landowners, Moshiek and Jones.

In the absence of express agreement in the lease for prorating the oil to all the landowners, any implied agreement therefor must appear clear and convincing from the evidence. Neither the cited provisions of the lease nor the record discloses a specific agreement "for a pro rating" of the oil produced under the lease to all the landowners; nor are they sufficient to create any clear implied agreement therefor.

Whether under the law, in the absence of an expressed or implied agreement therefor, the several landowners are entitled to share pro rata in the oil produced from any portion of the leased lands, appears to be a question of first impression in our Court. No Colorado case has been cited thereon.

In the case *Pierce v. Marland Oil Co.,* 86 Colo. 59, 278 Pac. 804, our Court held: "Rents and royalties are profits issuing out of the land. When they are to accrue, they are a part of the estate remaining in the lessor. *United States v. Noble,* 237 U. S. 74, 80, 59 L. Ed. 844."

In *Central Pipe Line Co. v. Hutson,* 401 Ill. 447, 82 N.E. (2d) 624, 632, the Supreme Court of Illinois, after considering cases cited from other jurisdictions, stated the majority rule in state courts as follows: "The great prevailing weight of authority is against holding unaccrued oil or gas royalties are rent, and as a consequence are to be apportioned. The fugacious oil or gas in place

under a certain tract of land at a stated time is a part of the land. * * * In the absence of agreement to the contrary, the lessor owner of the tract of land conveys the oil or gas thereunder when he conveys his land. His grantee succeeds to the title to all, *i.e.*, land, oil and gas." See, also, *Galt v. Metscher,* 103 Okla. 271, 229 Pac. 522.

Plaintiff especially urges that paragraphs six and eleven of the lease "contemplates an intention of the parties to permit pro ration." In *Peerless Oil & Gas Co. v. Tipken,* 190 Okla. 396, 124 P. (2d) 418, 422, cited by plaintiff, it was held: "This provision [similar to paragraph 11] was inserted in the lease for the protection of the lessee and simply means that if after the execution of the lease it is determined that the lessor or lessors have a lesser interest than that shown by the lease, it or they will take in the proportion which the interest actually owned bears to the full title. Carlock v. Krug et al., 151 Kan. 407, 99 P. 2d 858."

■ In Colorado, until the oil becomes severed from the land, it remains a part of, and is conveyed with, the land. Upon severance, the oil belongs to the then landowner, unaffected by any former lease thereof, unless otherwise agreed to in the lease, deed or some other contract, either directly or by clear, convincing implication. In the present case, there was neither an expressed nor an implied agreement for the pro rating of the oil extracted from one parcel to the owners of other parcels of the leased land; under the law, the oil belongs to the owner of the land from which it was produced and is not proratable to the other landowners.

The judgment of dismissal of plaintiff's second claim by the trial court was proper. The judgment is affirmed.

Mr. Chief Justice Stone, Mr. Justice Alter and Mr. Justice Knauss concur in the result.